UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TREPEL CHISHOLM, | ) | 5:13CV0976 |
| | ) | |
| Petitioner | ) | JUDGE JOHN R. ADAMS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMMENDATION</u> |

McHARGH, MAG. J.

The petitioner Trepel Chisholm ("Chisholm") filed a petition pro se for a writ of habeas corpus arising out of his 2011 convictions for attempted rape and gross sexual imposition, in the Summit County (Ohio) Court of Common Pleas.  (Doc. 1.) In his petition, Chisholm raises six grounds for relief:

> 1.  The trial court erred by failing to merge the attempted rape and gross sexual imposition convictions, in violation of the fifth amendment protection against double jeopardy, as the crimes are allied offenses of similar import.
>
> 2.  The trial court committed reversible error when it allowed the state to present evidence of possible oral stimulation when said evidence had not been presented to the grand jury.
>
> 3.  The trial judge committed reversible error by giving an improper instruction to the jury on the lesser included offense of attempted rape.
>
> 4.  [Mr. Chisholm]'s attempted rape conviction is against the manifest weight of the evidence.
>
> 5.  Ineffective assistance of trial counsel.

1

      6. Ineffective assistance of appellate counsel.

(Doc. 1, § 12.) The respondent has filed a Return of Writ, arguing inter alia that the grounds of the petition have been procedurally defaulted. (Doc. 7.) Chisholm has not filed a Traverse; rather, he had filed a number of motions.

      Currently before the court is Chisholm's "Motion to Withdraw as Premature Filing." (Doc. 8) The respondent has filed a memorandum in opposition (doc. 13), and Chisholm has filed an "objection," or reply memorandum (doc. 15). Because Chisholm's motion is potentially a dispositive motion, the undersigned submits the following Report and Recommendation.

                            "Motion to Withdraw as Premature Filing"

     In his motion to withdraw his petition, Chisholm states that he seeks to withdraw his petition as premature, "after reading the trial court transcripts for the first time." Chisholm "would like to bring up several other issues, that have not been adjudicated in the lower courts," and cannot be raised in this habeas court for the first time. (Doc. 8, at 2.) In other words, Chisholm seeks to dismiss his present petition.

      The respondent argues that Chisholm's motion should be considered a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). The respondent cites *Peterson v. Smith*, No. 1:09CV1012, 2010 WL 1433391 (N.D. Ohio Feb. 17, 2010), which analyzed such a motion under *Rosenthal v. Bridgestone/Firestone, Inc.*, No.

2

05-4451, 2007 WL 507624, at *2 (6th Cir. Feb. 16, 2007) (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the court. *Grover*, 33 F.3d at 718. The primary purpose of court approval is to protect the defendant from unfair treatment, that is, where the defendant would suffer "plain legal prejudice" as a result of dismissal, as opposed to the mere prospect of a second lawsuit. In making this determination, the court considers "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.

The respondent argues that substantial time and effort have been invested in the case, and that a lengthy Return of Writ has been filed, which should weigh against granting the motion under the first and fourth factors. (Doc. 13, at 4.)

As to the second factor, the respondent notes that petitioner has sought two extensions of time, and proposes to return to state court to raise claims arising from his trial and appeal, claims which he had reason to be aware of long ago, although he has yet to take any action to do so. Respondent argues that petitioner's delay and lack of diligence weigh against dismissal. (Doc. 13, at 4.) The court finds this argument persuasive, noting that Chisholm filed his habeas petition aware of the facts which underlie the claims he now wishes to return to state court to litigate.

3

Finally, discussing the third factor, the respondent contends that Chisholm has failed to adequately explain the need for withdrawal. (Doc. 13, at 5.) Chisholm states he wishes to exhaust issues that he had previously failed to raise, and that ineffective assistance of trial and appellate counsel should not bar him from raising violations of his federal constitutional rights. (Doc. 15, at 2.) He does not explain why he filed his petition pro se in this court prior to having raised these issues in state court.

Under the circumstances presented in this case, the factors enumerated by the Sixth Circuit weigh against a Rule 41(a)(2) dismissal without prejudice because such a dismissal, at this juncture, would cause respondent to suffer "plain legal prejudice," given the amount of work respondent has already invested.

The "Motion to Withdraw as Premature Filing" (doc. 8), which the court construes to be a motion for voluntary dismissal under Civil Rule 41(a)(2), should be denied for the reasons above.

4

RECOMMENDATION

It is recommended that the "Motion to Withdraw as Premature Filing" (doc. 8), that is, a motion for voluntary dismissal under Civil Rule 41(a)(2), should be denied.

Dated:  Nov. 1, 2013                      /s/ Kenneth S. McHargh
                                                                  Kenneth S. McHargh
                                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).