UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TREPEL CHISHOLM, | ) | 5:13CV0976 |
| | ) | |
| Petitioner | ) | JUDGE JOHN R. ADAMS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. J.

The petitioner Trepel Chisholm ("Chisholm") filed a petition pro se for a writ of habeas corpus arising out of his 2011 convictions for attempted rape and gross sexual imposition, in the Summit County (Ohio) Court of Common Pleas.  (Doc. 1.) In his petition, Chisholm raises six grounds for relief:

1.  The trial court erred by failing to merge the attempted rape and gross sexual imposition convictions, in violation of the fifth amendment protection against double jeopardy, as the crimes are allied offenses of similar import.

2.  The trial court committed reversible error when it allowed the state to present evidence of possible oral stimulation when said evidence had not been presented to the grand jury.

3.  The trial judge committed reversible error by giving an improper instruction to the jury on the lesser included offense of attempted rape.

4.  [Mr. Chisholm]' s attempted rape conviction is against the manifest weight of the evidence.

5.  Ineffective assistance of trial counsel.

6.  Ineffective assistance of appellate counsel.

Doc. 1, § 12.)  The respondent has filed a Return of Writ.  (Doc. 7.)  The court denied

Chisholm's motions to stay or for voluntary dismissal, sought for purposes of raising

new issues in the state court.  (Doc. 16, 19.)  Chisholm has now filed a Traverse.

(Doc. 23.)


## I.  PROCEDURAL BACKGROUND

The state court of appeals set forth the following procedural background:

> On February 24, 2011, the Summit County Grand Jury indicted Mr.
> Chisholm on one count of sexual battery in violation of R.C.
> 2907.03(A)(3), one count of rape in violation of R.C. 2907.02(A)(1)(b),
> and one count of gross sexual imposition in violation of R.C.
> 2907.05(A)(4).  At his arraignment, Mr. Chisholm pled not guilty, and
> the case proceeded to a jury trial.  The jury found Mr. Chisholm not
> guilty of sexual battery, not guilty of rape, guilty of the lesser included
> offense of attempted rape, and guilty of gross sexual imposition.  The
> trial court sentenced him to six years of incarceration on the attempted
> rape conviction and to five years of incarceration on the gross sexual
> imposition conviction, to run concurrently.

(Doc. 7, RX 10, at 1; *State v. Chisholm*, No. 26007, 2012 WL 3731608, at *1 (Ohio

Ct. App. Aug. 29, 2012).)

Chisholm filed a timely appeal, which raised the following four assignments

of error:

> 1.  The trial court erred by failing to merge the attempted rape and
> gross sexual imposition convictions, in violation of the Fifth
> Amendment protection against double jeopardy, as the crimes are
> allied offenses of similar import.

> 2.  The trial court committed reversible error when it allowed the state
> to present evidence of possible oral stimulation when said evidence had
> not been presented to the grand jury.

    3.  The trial judge committed reversible error by improperly instructing the jury on the lesser included offense of attempted rape.

    4.  The accused's attempted rape conviction is against the manifest weight of the evidence.

(Doc. 7, RX 8.)

    The court of appeals sustained the first assignment of error, remanding to the trial court to determine "whether the attempted rape and gross sexual imposition offenses were allied offenses of similar import."  (Doc. 7, RX 10, at 10; *Chisholm*, 2012 WL 3731608, at *6.)  The court overruled Chisholm's other assignments of error.  (Doc. 7, RX 10, at 16; *Chisholm*, 2012 WL 3731608, at *10.)  Chisholm did not seek timely review by the Ohio Supreme Court (within 45 days).

    On Oct. 24, 2012, Chisholm filed a notice of appeal, and a notice of delayed appeal, with the Supreme Court of Ohio.  (Doc. 7, RX 12, 13.)  On Jan. 23, 2013, the Supreme Court denied his motion for delayed appeal, and dismissed the case.  (Doc. 7, RX 14; *State v. Chisholm*, 134 Ohio St.3d 1415, 981 N.E.2d 882 (2013).)

    Chisholm had returned to the trial court for resentencing on Oct. 3, 2012. The court found that the gross sexual imposition conviction was an allied offense of similar import to attempted rape, and merged the offenses for sentencing purposes. Chisholm was sentenced to six years for the attempted rape.  (Doc. 7, RX 11.)

## II.  HABEAS CORPUS REVIEW

    This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002).  *See also Lorraine v. Coyle*, 291

F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  *See also Price v.

Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

4

Chisholm has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Chisholm allege violations of the Ohio Constitution.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

## III.  STATE LAW CLAIMS

The respondent argues that the second and fourth grounds of the petition are not cognizable in federal habeas as state law claims.  (Doc. 7, at 11-13.)

## A.  Ground Two

The second ground of the petition is:  "The trial court committed reversible error when it allowed the state to present evidence of possible oral stimulation when said evidence had not been presented to the grand jury."  (Doc. 1, § 12.)

Chisholm had presented this claim to the state courts as a violation of the Ohio Constitution, arguing that, because Chisholm was indicted based on "vaginal rape," the state should not have been allowed to present evidence on "oral rape," which had not been presented to the grand jury.  (Doc. 7, RX 8, at 7-8.)  Chisholm contended that this error violated an Ohio constitutional provision which "guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury."  (Doc. 7, RX 8, at 7, quoting *State v. Headley*, 6 Ohio St.3d 475, 478-479, 453 N.E.2d 716, 720 (1983).)

The state court of appeals found that the indictment charged Chisholm with engaging in "sexual conduct," the statutory definition of which includes the relevant conduct at issue.  In addition, the court noted that Chisholm had not requested "a bill of particulars to delineate the particular type of sexual conduct in which he was alleged to have engaged."  (Doc. 7, RX 10, at 12-13; *Chisholm*, 2012 WL 3731608, at *7.)  Finally, the appellate court found:

> . . . we cannot conclude that Mr. Chisholm was prejudiced by this testimony, as we cannot discern how the outcome of the trial, which resulted in convictions for attempted rape and gross sexual imposition, would have been different had the trial court excluded this portion of [the victim's] testimony.

(Doc. 7, RX 10, at 13; *Chisholm*, 2012 WL 3731608, at *8.)

6

The U.S. Supreme Court has stated that, generally, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings." *Knewel v. Egan*, 268 U.S. 442, 446 (1925).  The Fifth Amendment right to a grand jury indictment has never been found to be incorporated against the states.  *Williams v. Haviland*, 467 F.3d 527, 531-532 (6th Cir. 2006) (citing cases) (Supreme Court has repeatedly asserted that Grand Jury Clause does not apply to states).  The sole Constitutional issue is whether the indictment provides the defendant with sufficient information of the charged offense, to enable him to defend himself against the accusations.  *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002), *cert. denied*, 540 U.S. 853 (2003); *Blake v. Morford*, 563 F.2d 248, 250 (6th Cir. 1977), *cert. denied*, 434 U.S. 1038 (1978). *See also Cole v. Arkansas*, 333 U.S. 196, 201 (1948).  "Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding."  *Roe*, 316 F.3d at 570 (quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)).

Fair notice has been given when the charged offense is "described with some precision and certainty so as to apprise the accused of the crime with which he stands charged."  *Williams v. Haviland*, 467 F.3d at 535.  The indictment adequately apprises Chisholm of the crimes of which he was charged.  *See generally* doc. 7, RX 1; *see also* doc. 7, RX 10, at 11-13; *Chisholm*, 2012 WL 3731608, at *6-*8. Where the defendant was fairly informed of the charges, and had sufficient

7

information to be able to admit or deny the charges and to adequately prepare any defense that was available to him, there will be no federal due process violation.

Chisholm has not established that the state court's determination in this case was contrary to clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the second ground.

## B.  Ground Four

The fourth ground of the petition is that Chisholm's attempted rape conviction is against the manifest weight of the evidence.  (Doc. 1, § 12.)  The respondent asserts (correctly) that a manifest weight of the evidence claim is not cognizable in federal habeas.  (Doc. 7, at 12.)

A manifest weight of the evidence claim concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546 (1997).  When reviewing a weight of the evidence claim, an appellate court sits as a "thirteenth juror," and reviews the jury's resolution of conflicting testimony.  *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).  In the federal habeas context, this is outside the proper role of the habeas court.  The jury is the sole finder of fact in a jury trial, and the jury determines the credibility of witnesses.  *United States v. Adamo*, 742 F.2d 927, 934-935 (6th Cir. 1984), *cert. denied*, 469 U.S. 1193 (1985).

Moreover, a claim that Chisholm's conviction was against the manifest weight of the evidence is a state law issue, and a federal habeas court has no power

8

to grant habeas relief on the basis that a state conviction is against the weight of the evidence.  *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986); *Cameron v. Birkett*, 348 F.Supp.2d 825, 838 (E.D. Mich. 2004) (citing cases); *Douglas v. Portuondo*, 232 F.Supp.2d 106, 116 (S.D. N.Y. 2002); *see also Gray v. Meachum*, 101 F.3d 1394, 1996 WL 478665, at *1 (2d Cir. 1996) (TABLE, text in WESTLAW).  The petition should not be granted on the fourth ground based on the manifest weight of the evidence.

## IV.  PROCEDURAL DEFAULT

The respondent argues that all the claims of the petition have been procedurally defaulted.  (Doc. 7, at 13-27.)  Because the second and fourth grounds have already been addressed, and would be denied even absent a procedural default, the court will not revisit those grounds.

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).  Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).  Chisholm's claims would be procedurally defaulted if he failed to fairly present each claim as a matter of federal law to the state courts.  *Mason v. Brunsman*, No. 09–3939, 2012 WL 1913965, at *6 (6th Cir.

May 29, 2012), *cert. denied*, 133 S.Ct. 447 (2012) (quoting *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

The court considers four factors to determine whether a claim has been procedurally defaulted by  failing to comply with state procedural rules:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural

sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs*, 265 F.3d at  417 (quoting *Maupin*).

### A.  Ground One:  Allied Offenses

The first ground of the petition is: "The trial court erred by failing to merge the attempted rape and gross sexual imposition convictions, in violation of the Fifth Amendment protection against double jeopardy, as the crimes are allied offenses of similar import."  (Doc. 1, § 12.)  The respondent argues that this claim was not raised in the state courts as a federal constitutional claim, and additionally, that the claim is moot.  (Doc. 7, at 18-19.)

Chisholm mentioned Fifth Amendment double jeopardy in the caption of his assignment of error, although he did not explicitly raise any federal issues in the brief itself (doc. 7, RX 8, at 5-7), and the state court resolved the claim on state law grounds.  (Doc. 7, RX 10, at 9-11; *Chisholm*, 2012 WL 3731608, at *5-*6.)  However, both Chisholm and the state court of appeals relied on *State v. Johnson*, which addressed whether two offenses are allied offenses of similar import subject to merger, and the double jeopardy concerns implicated.  *See generally State v. Johnson*, 128 Ohio St.3d 153, 942 N.E.2d 1061 (2010).

11

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001) (citing *Franklin v. Rose*, 811 F.2d 322, 325-326 (6th Cir. 1987)).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising solely under state law. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

Here, Chisholm alerted the state court to the double jeopardy issue through his citation of the Fifth Amendment in his assignment of error, as well as his reliance on *Johnson*, a state case which employed federal double jeopardy analysis. *Johnson*, 128 Ohio St.3d at 158, 942 N.E.2d at 1066.  The court finds that Chisholm fairly presented the federal double jeopardy issue to the state courts.

However, the relief which Chisholm sought before the court of appeals ("he must be resentenced on only one of the two offenses," doc. 7, RX 8, at 7) has been

granted by the state courts. Upon remand, the trial court merged the offenses for sentencing purposes, and Chisholm was resentenced to six years for the attempted rape. (Doc. 7, RX 11; *see also* doc. 7, RX 10, at 10, 16; *Chisholm*, 2012 WL 3731608, at *6, *10.) Thus, the first ground is moot.

The petition should not be granted on the basis of the first ground.

### B. Ground Three: Improper Jury Instruction

The third ground of the petition is: "The trial judge committed reversible error by giving an improper instruction to the jury on the lesser included offense of attempted rape." (Doc. 1, §12.) The respondent contends that this ground has been procedurally defaulted because it was not presented to the state court of appeals as a federal constitutional claim, and it was not presented to the state high court at all. (Doc. 7, at 20-21.)

A review of Chisholm's brief on appeal confirms that he did not present this claim to the state courts as a federal claim (doc. 7, RX 8, at 8-9), and thus this court does not have jurisdiction to consider the claim because it was not fairly presented to the state courts. *Baldwin*, 541 U.S. 27; *Jacobs*, 265 F.3d at 415.

Chisholm failed to properly exhaust this claim by raising it on direct appeal. Because the claim was not raised, it is barred by the Ohio rule of res judicata. *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002); *Rust*, 17 F.3d at 160-161; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967)

13

(syllabus, ¶9). Res judicata would bar Chisholm from litigating an issue that could have been raised on direct appeal. *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Chisholm cannot return to state court to exhaust this claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. *State v. Hutton*, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), *cert. denied*, 523 U.S. 1108 (1998).

The petition should not be granted on the basis of the third ground.

### C. Ground Six: Ineffective Assistance of Appellate Counsel

The sixth ground of the petition is ineffective assistance of appellate counsel. (Doc. 1, § 12.) The respondent points out that this claim has never been raised in the state courts, and has been procedurally defaulted. (Doc. 7, at 22-23.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." *Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). A criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal, as well as at trial. *Evitts v. Lucey*, 469 U.S. 387 (1985).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (quoting *State v. Williams*, 74 Ohio

14

St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)).  Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals.  *Monzo*, 281 F.3d at 577 (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment.  *State v. Lamar*, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), *cert. denied*, 543 U.S. 1168 (2005); *State v. Reddick*, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).  Chisholm did not file a motion to re-open.

Any ineffective-assistance claims that Chisholm could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata.  *Jacobs*, 265 F.3d at 417; *Coleman*, 244 F.3d at 538; *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (syllabus, ¶9); *State v. Ford*, No. 84138, 2005 WL 1118157, at *1 (Ohio Ct. App. May 11, 2005) (res judicata bars ineffective assistance of app. counsel claim, because could have been raised on appeal to Ohio Sup. Ct.).  If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice.  *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72,  86-87 (1977).

Application of the Ohio rule of res judicata satisfies the first three factors in *Maupin*.  *Jacobs*, 265 F.3d at 417.  The fourth factor is that the petitioner must

demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

"Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule.  *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Chisholm does not demonstrate cause[1] for his failure to filed a Rule 26(B) motion.  *See generally* doc. 23.

The petition should not be granted on the basis of the sixth ground, which has been procedurally defaulted.

### D.  Fifth Ground:  Ineffective Assistance of Trial Counsel

The fifth ground of the petition is ineffective assistance of trial counsel.  (Doc. 1, § 12.)  The respondent contends that this ground has been procedurally defaulted because it was not raised on direct appeal, and there is no mechanism remaining for him to present the claim in state court.  (Doc. 7, at 22.)

Any ineffective-assistance claims that Chisholm could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata.  *Coleman*, 244 F.3d at 538; *Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); *Perry*, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9).  Res judicata will

---

[1]  Ineffective assistance of counsel cannot constitute cause for failure to file a timely Rule 26(B) application for reopening, since a person is not constitutionally entitled to counsel for the reopening.  *Abshear v. Moore*, 546 F.Supp.2d 530, 539 (S.D. Ohio 2008)), *aff'd*, 2009 WL 4408186 (6th Cir. Dec. 3, 2009) (citing *Morgan v. Eads*, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004); *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (en banc )).

apply when a defendant who is represented by new counsel on direct appeal, as Chisholm was, fails to raise the issue of ineffective assistance of trial counsel. *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004), *cert. denied*, 544 U.S. 1037 (2005); *Monzo*, 281 F.3d at 576-577.

The Ohio rule of res judicata satisfies the first three factors in *Maupin*. *Jacobs*, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488).

Chisholm has made no showing of cause. *See generally* doc. 23. Although ineffective assistance of counsel could serve as cause to overcome the default, *Smith v. Ohio, Dept. of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006), Chisholm has defaulted that claim, as discussed above. An ineffective assistance of counsel claim asserted as cause for another defaulted federal claim can itself be defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

The claim of ineffective assistance of trial counsel has been procedurally defaulted. The petition should not be granted on the basis of the fifth ground.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:  __May 20, 2014__          __/s/ Kenneth S. McHargh__
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).